FREEMAN, J.,
delivered the opinion of the court.
The main question presented in this case is one arising on a plea in abatement filed by the defendant. The bill is an original attachment bill, and as cause for the attachmant alleges that “complainant is informed, and so charges, that the defendant is not an inhabitant of Tennessee, but has so absconded and concealed himself that the ordinary process of law can not be served on him.”
The plea of defendant is, “that he departed from the State of Tennessee for a temporary purpose only, *506 and with the intention of returning, and that he is not a non-resident of the State of Tennessee, and was not when tbe bill was filed, within the intendment and meaning of the attachment laws;” and also, “that he is not absconding or concealing himself, and was not when the bill was filed, within the intendment and meaning of the attachment laws.”
Complainant did not pursue the regular and established practice in such case, and set the plea down for argument, for insufficiency, but filed a special demurrer to the plea. While this was irregular, and a mode of raising the question,’ as far as we can find, unknown to our practice, yet as we have said in another case, such a demurrer may be treated as setting the plea down for argument; at any rate, it is but an error in form, not in substance.
Treating it as raising the question of the sufficiency of the plea as a defense to the bill, we examine that question:
The allegation of the bill, that the “defendant is not an inhabitant of the State,” substantially charges the fact of non-residence as one ground for the attachment. The plea presents a distinct issue on that question, “that he is not a non-resident of the State of Tennessee.” It is true it introduces this allegation, by the statement that he departed from the State temporarily, and with the intention of returning; but this may be well treated as surplusage, and even if not so treated, could not vitiate the plea, for if the party had left the State temporarily, and with the intention of returning, and was not a non-resident of the State *507 as alleged, it would certainly present a state of facts, if not disproven, which would defeat- the attachment. In a word, if the facts are as alleged in the plea, then the cause of attachment does not exist; and if it does not exist, then the attachment was wrongfully issued. We think there can be no question but that the plea tendered a direct traverse of the cause of attachment as alleged, based on non-residence.
As to the other cause — absconding and concealing himself — we think the plea well tenders an issue on that question. It is, “that he is not absconding or concealing himself, and toas not when the bill was filed, within the intendment and meaning of the attachment laws.’' Admitting this fact to be true, then this cause of attachment would have no existence in fact, and the attachment would be improperly issued. The plea traverses distinctly, and tenders a denial of the allegation of complainant’s bill on this subject, and puts him to the proof of his allegations so made.
We therefore hold the Chancellor erred in holding the matter of said plea to be bad, and no defense, and that he should have required the complainant to take issue on the plea, so far as this aspect of it goes.
It is insisted, however, that the plea is not properly verified. It is sworn to by Eliza R. Powell, but the fact is not stated in the affidavit, nor appended to the name, that she is agent of defendant. We do not think this objection well taken. While pleas may be sworn to by the party himself, his agent or attorney, we do not know of any rule requiring the *508 fact of agency to be stated in the affidavit. We see the fact that the party has done that for another that an agent might well do, and as he has assumed to act as agent in the stead of that other, we can see no good reason why the complainant shall object, while the party for whom the act was done does not repudiate, but, on the contrary, adopts it. The essential requirement of the law is that the truth of the plea shall be verified by some one who is willing to swear that it is true.
In this view of the case, the decree of the Chancellor must be reversed and the cause remanded for an issue on the plea as tendered. Complainant will pay the costs of this court and of the court below, from the time of overruling the plea, so far as his own bill is concerned.
Defendant has, however, filed a cross-bill in this case, and it is insisted that this is a waiver of all objections to the correctness of grounds of attachment in original bill. We do not think so, as it is only for discovery of the fact as to whether the note was not given for Confederate money. We need not decide on the merits of the cross-bill, as the cause must go back to be tried on the issues tendered by the picas.
A petition for a rehearing having been filed in this case on the 10th day of November, 1871, FreeMAN, J., delivered the following opinion:
A petition for rehearing is presented in this case. The point of error insisted on in the petition is, *509 that “by the Code, where there is no demurrer to the bill, the Chancery Court is required to decide upon the merits, although the suit is for a legal demand.”
While this is true, it can only apply in a case where the defect appears on the face of the bill. If the bill is not demurable on its face, advantage may be taken of the matter of defense by way of plea. It is provided expressly by see. 4384 that defense to bills may be made by the plea in abatement, by motion to dismiss, by demurrer, by plea in bar, by answer, and by cross-bill.
It is insisted, however, that as Powell was alleged to -be a non-resident, publication wras had, and that he appeared and answered and filed a cross-bill, and has thereby waived the objection to the jurisdiction. This would be so, if he had not first interposed his plea. This plea was demurred to, and the plea overruled by the court, so that he was deprived of the benefit of its matter as a defense. It is provided by the Code, s. 4395, that upon a plea overruled, the defendant shall answer the allegations of the bill. This he has done; but surely he can not be held to have waived his other defense by plea, when it had been overruled by the court, and he compelled to answer, or have the bill taken for confessed. He can not be held bound to rest his case alone on the question of whether the Chancellor erred in overruling his plea. He was bound to answer, and his having done so can not be held to waive the previous defense, or cure the erroneous action of the court on such defense.
It is then insisted, the attachment may be quashed *510 and yet the court retain jurisdiction of the person. We have not adjudicated upon the effect of the plea being sustained by the court, when the issue is tried. That question is not before us. We only hold that the plea is good, and remand the cause, that it may be prosecuted in accordance with the rights of the parties, and that the defendant may have a chance to make good his defense on these pleas. If the complainant has wrongfully commenced his attachment bill against him, then he must take the consequences. We can not aid him.
It is then claimed that it is well settled that an answer overrules a plea in abatement. This may well be so, where both are filed at the same time, or answer filed after the plea, the plea remaining undisposed of; but here the court had overruled the plea, so that it was disposed of and out of the way when the answer was filed, and therefore could not be overruled by it. Further, the answer can not be held to cure the error of the court, and overrule his decree. We must hold this, if we yield to the view presented by petition.
It is argued that the attachment is twofold in its character, the one to bring the party into court and the other to fix a lien on property. That is so in most cases, but here it is the original process, and the bill a pure attachment bill, the court having no jurisdiction of the subject-matter, except on the ground of non-residence, or absconding of the party. The fact of such non-residence is alleged in the bill, and denied by the plea, and the defendant thus raised *511 the question of jurisdiction by plea in abatement, which the court erroneously overruled. As he was entitled to raise the question by plea, has done so, but been deprived of its benefits by the action of the court, that error must be rectified and the case put back in such condition that he may stand precisely where he stood when it was committed.
This is not a case in which the bill is filed to set aside a fraudulent conveyance, where, if the conveyance is not found fraudulent the court shall give judgment for the debt, but is a case under s. 3461 of the Code, providing “that any person may also sue out an attachment in the Chancery Court, upon debts or demands of purely legal nature, except causes of action in torts, without first having recovered a judgment at law, whenever the amount in controversy is sufficient to give the court jurisdiction. This section is under the general attachment law, and the jurisdiction is given solely to sue out an attachment, on stating the grounds given in the statute. If such grounds do not exist, he has no right to sue in chancery. They are put in issue by the plea in this case, and must be tried on this issue and determined.
We adhere to the opinion previously announced in this case, and dismiss the petition for rehearing.